IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO MORA-MERAZ,                                              CV. 09-1253-MA

        Petitioner,                                        OPINION AND ORDER

  v.

J.E. THOMAS, Warden,
FCI Sheridan,

        Respondent.

Antonio Mora-Meraz
98631-079
Federal Prison Camp
P.O. Box 6000
Sheridan, Oregon, 97378

        Petitioner, *Pro Se*

Dwight C. Holton
Acting U.S. Attorney
Suzanne A. Bratis
Assistant U.S. Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon, 97204-2902

        Attorneys for Respondent

1 -- OPINION AND ORDER

MARSH, Judge

Petitioner, an inmate at the Federal Prison Camp (FPC) in Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Currently before the court is respondent's unopposed motion to dismiss (#10). For the reasons set forth below, the motion is granted.

## BACKGROUND

On April 1, 2002, petitioner entered a plea of guilty, in the U.S. District Court for the Southern District of Texas, to the charge of Possession with Intent to Distribute Cocaine. Petitioner was sentenced to a 120-month term of incarceration. His projected release date is November 22, 2010. Petitioner's place of residence prior to his arrest was Pasco, Washington.

Pursuant to 18 U.S.C. § 3624(c), correctional staff recommended that petitioner be placed in a residential re-entry center (RRC) for the last 150-180 days of his sentence. Because petitioner was convicted in the Southern District of Texas, Texas was the presumptive place for his pre-release confinement. Declaration of Karen Angus at 2.[1]

On January 14, 2008, petitioner filed an Informal Resolution form (BP-8) requesting that Salem, Oregon, be designated as the

---

[1] In her declaration, Ms. Angus now indicates that, based upon petitioner's family and contacts in the State of Washington, that state is the appropriate location for his community release. Angus Dec. at 3.

2 -- OPINION AND ORDER

location for his community placement. On January 26, 2009, Unit Manager Karen Angus denied the request on the basis that petitioner had submitted false or misleading information, and because his community and family ties are in Washington.

In February, 2009, during a program review, petitioner met with members of his unit team, and again requested that he be re-designated to a RRC in the District of Oregon. The request was denied. On February 18, 2009, petitioner filed a request for administrative remedy (BP-9), which was denied by Warden J.E. Thomas on March 12, 2009, as follows:

> On August 29, 2007, Mary Lou Gwyn submitted a Visitor Information Form, indicating she was a friend, that you have known each other for 12 years, and the relationship began in Washington. Records also reflect Ms. Gwyn is the sister of a former inmate at SCP Sheridan. When asked by your unit team, you admitted to meeting Ms. Gwyn in the visiting room while she was seeing her brother. At your regularly scheduled Program Review, you indicated your desire to relocate your supervision from the Southern District of Texas to the District of Oregon. You provided the name and address of Mary Lou Gwyn, fiancee, as your intended release plan. This plan was denied by your unit team based on the fact you did not know Ms. Gwyn prior to your incarceration, you have never lived in Oregon, and you have no ties to the community other than to an individual you met in the SCP Sheridan Visiting Room.
>
> You attached an application, License and Record of Marriage for the State of Oregon with your Administrative Remedy, as proof you are married to Ms. Gwyn, and as such, should be allowed to release to her residence.
> * * * Contact with the officiant revealed the ceremony was conducted by "proxy", as it would have been impossible for you to attend such a ceremony in the community. The officiant verified the former inmate/brother of the bride stood in for you in the

3 -- OPINION AND ORDER

> ceremony and signed the license in your place - forging
> your name.  Staff contacted the Marion County, Oregon,
> Clerks Office, who verified the State of Oregon does not
> recognize proxy marriages; the marriage is not legal and
> considered fraudulent. * * * While you are in the care
> and custody of the Federal Bureau of Prisons, you are
> required to make appropriate application before entering
> into a binding contract such as marriage.  You failed to
> follow established policy and procedure by attempting to
> marry via "proxy."
>
> In light of the above facts, the Unit Team has
> appropriately denied you consideration for relocation to
> the plan you submitted in the District of Oregon.
> Therefore, your Request for Administrative Remedy is
> denied.  If dissatisfied with this response, you may
> appeal to the Western Regional Director . . . .  Your
> appeal must be received in the Western Regional
> Director's office within 20 calendar days of the date of
> this response.

Declaration of Karen Angus, Exh. 2.

Petitioner did not appeal the Warden's decision to the Bureau of Prisons (BOP) Regional Director or General Counsel.  On May 7, 2009, petitioner filed another BP-8 form with Sheridan staff requesting that Salem, Oregon, be designated as his place for community supervision.  The request was denied on May 19, 2009, on the basis that the "request has already been denied and you filed an administrative remedy."

## **DISCUSSION**

It is well settled that federal prisoners generally must exhaust their federal administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241.  <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986).  Although the exhaustion

4 -- OPINION AND ORDER

requirement is not jurisdictional, its importance is well established. Exhaustion of administrative remedies aids judicial review by allowing the appropriate development of a factual record in an expert form; conserves the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allows the administrative agency an opportunity to correct its own errors. Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

This court may dismiss a habeas petition for failure to exhaust administrative remedies. Martinez, 804 F.2d at 571; Fendler v. U.S. Parole Com'n., 774 F.2d 975, 979 (9th Cir. 1985). Exhaustion may be excused if the administrative remedies are inadequate, futile, or where pursuit of the administrative remedies would cause irreparable injury. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004); United Farm Workers of America, AFL-CIO v. Arizona Agr. Employ. Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982).

The BOP has established an administrative remedy program which requires an inmate to proceed through a four-level review process: (1) an attempt at informal resolution with institutional staff (BP-8); (2) a formal written administrative remedy request to the Warden (BP-9); (3) an appeal to the BOP Regional Director (BP-10); and (4) an appeal to BOP General Counsel (BP-11). 28 C.F.R.

5 -- OPINION AND ORDER

§§ 542.13-542.15. An appeal to the General Counsel is the final administrative remedy. 28 C.F.R. § 542.15(a).

It is undisputed that petitioner failed to exhaust his administrative remedies. Petitioner failed to file an appeal of the Warden's decision to either the Regional Director or General Counsel (forms BP-10 and BP-11). Further, he offers no factual support for his assertion that exhaustion would be futile. Having reviewed the record, I can discern no basis for waiving the exhaustion requirement. Accordingly, the petition is dismissed for lack of exhaustion.

It is worthy of note, that even if this court were to reach the merits, petitioner has failed to demonstrate that respondent violated petitioner's constitutional or statutory rights. Petitioner has no due process right to be confined in a particular state. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>see also</u> <u>Somerville v. DeWalt</u>, 2009 WL 649063 *5 (E.D.Ky. Mar. 11, 2009)(no due process to RRC placement in a particular state). Moreover, although petitioner disagrees with the Warden's decision, petitioner has made no showing that respondent acted in an arbitrary or capricious manner in exercising his discretion under 18 U.S.C. §§ 3621(b) & 3624(c). This is particularly true given respondent's current position that petitioner shall be released to the District of Washington. Accordingly, habeas relief is not warranted.

6 -- OPINION AND ORDER

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (#10) is GRANTED, and petitioner's petition for writ of habeas corpus (#1) is DISMISSED, without prejudice, for failure to exhaust administrative remedies.

IT IS SO ORDERED.

DATED this _22_ day of February, 2010.

                                  __/s/  Malcolm F. Marsh_____
                                  Malcolm F. Marsh
                                  United States District Judge